UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SALT BRANDING, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> DILLON BURKE, and SALT CREATIVE LLC, <br><br> Defendants. | Case No.: 1:15-cv-7183 <br><br> **COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND TRADEMARK DILUTION** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR TRADEMARK INFRINGEMENT,
FALSE DESIGNATION OF ORIGIN, AND TRADEMARK DILUTION**

Plaintiff, Salt Branding, LLC ("Plaintiff"), by its attorneys, hereby complains against Dillon Burke and Salt Creative LLC ("Defendants") as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff, Salt Branding, LLC, is a California Limited Liability Company with its principal place of business at 1265 Battery Street, Levi's Plaza, San Francisco, California, 94111.

2. Defendant Dillon Burke is a natural person with a domicile at 235 East 4th Street, New York, New York 10009.

3. Defendant Dillon Burke, upon information and belief, is the owner of Salt Creative LLC.

4. Defendant Salt Creative LLC is a New York Limited Liability Company with its principal place of business at 235 East 4th Street, New York, New York 10009.

5. This Court's jurisdiction arises: (a) from the fact that this is an action brought under the Trademark Laws of the United States, 15 U.S.C. §§1051-1129, jurisdiction conferred by 15 U.S.C. §§1121 and 28 U.S.C. §§1331 and 1338; and (b) by virtue of the fact that certain claims are joined with substantial and related claims under the trademark laws of the United States, §§1051 – 1129, jurisdiction conferred by 28 U.S.C. §§1338(b) and 1367. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)(1) and §1391(b)(2).

## BACKGROUND AND COMMON ALLEGATIONS

6. Plaintiff is the owner of United States Trademark Registrations for the marks SALT® (Reg. Nos. 2,671,901 and 4,291,378 – the "SALT® Registrations") and SALT BRANDING® (Reg. Nos. 2,596,052 and 4,291,377 – the "SALT BRANDING® Registrations") (collectively, "SALT® Trademarks"). True and accurate copies of Plaintiff's active Trademark Registrations are attached hereto as **Exhibit A**.

7. Plaintiff has used the SALT® and SALT BRANDING® Trademarks continuously in commerce since at least as early as 2002 as a source indicator for a wide variety of branding, advertising, marketing, design and creative services.

8. Plaintiff's United States Trademark Registrations Nos. 2,596,052 (SALT BRANDING®) and 2,671,901 (SALT®) identify the following services:

> Class 35: Advertising and business consulting services, namely, marketing consultation; creation and management of brand names for others; brand name architecture development and implementation services for others; corporate identity and logo development; naming and branding of products and services for others; market research services; development and implementation of marketing strategies for others; brand positioning and product promotion services for others.

Class 42:   Computer services namely, designing, developing and creating stationery, collateral, packaging, retail space and websites for others on a global computer network.

9. Plaintiff's United States Trademark Registrations Nos. 4,291,377 (SALT BRANDING®) and 4,291,378 (SALT®) identify the following services:

Class 35: Advertising and business consulting services, namely, marketing consultation; creation and management of brand names for others; brand name architecture, development and implementation services for others; corporate and brand identity services for others; naming and branding of products and services for others; market research services for others; development and implementation of marketing strategies for others; brand positioning and product promotion services for others; brand strategy for others; brand evaluation services, namely, product category analysis for others and brand value proposition development for others; brand transition and launch strategies for others; brand research and measurement for others; brand concept services in the nature of brand voice services for others; business consultation and marketing services, namely, URL strategy and acquisition services for others; brand messaging services for others; providing advertising services using 3D and animation designs, namely, design of visual language systems for the marketing purposes of others; design of collateral advertising media for others; retail and environmental advertising design for others; creation and implementation of brand guidelines and tools for others; design and implementation of brand launches for others; brand advertising for others; design and implementation of social media advertising strategy for others; customer relationship management consultation services, namely, creation and implementation of relationship programs for others; creation of advertising materials for others, namely, design of displays, booths, panels, signs, and other marketing materials for trade shows and other events; advertising services, namely, creation and implementation of brand culture strategy for others; creation and implementation of internal marketing and recruitment campaigns for others; advertising services, namely, design of promotional material for others via a global computer network; design of digital marketing, advertising, and branding strategies and campaigns for others; creation of brand videos and animation for others for advertising and marketing purposes; advertising copy writing services for others.

Class 42: Computer services, namely, designing and developing stationery, packaging, retail space, and websites on a global computer network for others; design of websites, social media pages, and software user interfaces for others; design and implementation of website strategy for others, namely, consulting in the fields of website design and development for others; design of website architecture for others; design of blogs, microsites, extranet sites, intranet sites, mobile applications, and social media sites and applications for others; coding and development of blogs, websites, microsites, extranet sites, intranet sites, mobile

3

applications, and social media sites and applications for others; design and implementation of computer software for brand asset management for others; design of brand packaging for others; computer software design services, namely, design of product user interfaces for others.

10. The United States Trademark Office ("USPTO") has recognized the distinctive and arbitrary nature of the term "SALT" as used in connection with Plaintiff's branding, advertising, marketing, design and creative services, entitling the SALT® Trademarks to a very broad scope of protection. See Office Action issued July 11, 2013 in connection with Trademark Application Serial No. 85/890,264, a copy of which is attached hereto as **Exhibit B**.

11. Over the past fourteen years, Plaintiff has continuously used the SALT® Trademarks as source identifiers for its branding, advertising, marketing, design and creative services, including use of such marks in connection with digital community consulting, photography, content creation, social media consulting, and digital consulting services.

12. Since 2002, Plaintiff has spent substantial sums in advertising and promoting its services provided under the SALT® Trademarks and in policing unauthorized third party use of the SALT® Trademarks.

13. Since on or about their respective dates of registration, Plaintiff has given continuous public notice that the SALT® Trademarks are registered with the USPTO by displaying with the marks as used the ® symbol, pursuant to Section 29 of the Lanham Act, 15 USC §1111.

14. On information and belief, Defendants began using the "SALT CREATIVE" mark and the associated salt shaker design in commerce in August 2014 as a source indicator for marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting services.

15. Plaintiff became aware of Defendants' unauthorized and infringing use of the SALT CREATIVE and the salt shaker design through its attorneys on April 24, 2015.

16. Plaintiff, through its attorneys, prepared and sent to Salt Creative LLC correspondence dated April 27, 2015 (attached hereto as **Exhibit C**) requesting that Salt Creative LLC immediately cease and desist its unauthorized use of SALT CREATIVE, the salt shaker design, the Salt Creative LLC company name, the www.saltcreative.us URL, and the Defendants' various social media pages incorporating the SALT CREATIVE trademark and salt shaker design.

17. Defendants, through their attorney, responded to Plaintiff's Cease and Desist letter by written correspondence dated May 14, 2015, by which Defendants rejected Plaintiff's assertions of trademark infringement.

18. Plaintiff, by its attorneys, delivered to Defendant's attorney correspondence dated May 22, 2015, reasserting its demands.

19. On June 22, 2015, Plaintiff's and Defendants' attorneys conducted a telephone conference, wherein Defendants' attorney advised that he doubted Defendants would agree to cease and desist use of the SALT CREATIVE mark.

20. Plaintiff's attorney further reiterated Plaintiff's demands by email correspondence dated June 30, 2015 and July 13, 2015 and most recently by telephone voice message on August 12, 2015, to all of which no response has been received.

21. On information and belief, Defendants continue their unauthorized and infringing use of the mark "SALT CREATIVE" and the salt shaker design in connection with marketing services including without limitation social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting services.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT § 1114(1)

22. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 21 as though fully set forth herein.

23. Defendants continue to use the mark "SALT CREATIVE" and the salt shaker design despite Plaintiff's statutory notice under Section 29 of the Lanham Act, 15 USC §1111, and objections as alleged above.

24. Defendants' use in commerce of the mark "SALT CREATIVE" and the associated salt shaker design is without the consent and authority of Plaintiff.

25. Defendants' continued unauthorized use of the mark "SALT CREATIVE" and the associated salt shaker design in connection with the sale, offering for sale, distribution and advertising of marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting is likely to cause confusion, or to cause mistake, or to deceive the public, in violation of the Trademark Laws of the United States, 15 U.S.C. §1114(1).

26. Defendants' acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's SALT® Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and its SALT® Trademarks, and to cause confusion or to cause mistake, or to deceive. Defendants' conduct therefore is exceptional

within the meaning of the Lanham Act Section 35, 15 USC §1117, entitling Plaintiff to recover three times the amount of its actual damages and attorneys' fees and costs incurred in this action.

27. By reason of Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and has sustained and will sustain loss of revenues and profits in an amount to be proven at trial.

28. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT II

## FALSE DESIGNATION OF ORIGIN UNDER THE LANHAM ACT § 1125(a)

29. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 28 as though fully set forth herein.

30. Defendants continue to use the mark "SALT CREATIVE" and the associated salt shaker design despite Plaintiff's statutory notice under Section 29 of the Lanham Act, 15 USC §1111 and objections as alleged above.

31. Defendants' use in commerce of the mark "SALT CREATIVE" and the associated salt shaker design in connection with marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting is likely to cause confusion or mistake or to deceive the public as to the affiliation, connection or association of Defendants with Plaintiff, or as to the origin, sponsorship or approval by Plaintiff of Defendants' goods, services or commercial activities, in violation of the Lanham Act, 15 U.S.C. §1125(a).

32.     Defendants' acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's SALT® Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and its SALT® Trademarks, and to mislead the public into believing that there is a connection, affiliation, or association between Defendants or their services and Plaintiff and its services.  Defendants' conduct therefore is exceptional within the meaning of the Lanham Act Section 35, 15 USC §1117.  Plaintiff is thereby entitled to recover three times the amount of its actual damages and attorneys' fees and costs incurred in this action.

33.     By reason of Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and has sustained and will sustain loss of revenues and profits in an amount to be proven at trial.

34.     Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT III

### COMMON LAW TRADEMARK INFRINGEMENT

35.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 34 as though full set forth herein.

36. Defendants' use of the mark "SALT CREATIVE" and the associated salt shaker design in connection with marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting is likely to cause confusion or to cause mistake or to deceive the public, constituting trademark infringement of Plaintiff's valid and protectable rights in the SALT® Trademarks under the common law of the State of New York.

37. Defendants' acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and its SALT® Trademarks and to cause mistake or to deceive the public.

38. By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

39. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

40. Defendants' actions are deliberate, willful and in reckless disregard of Plaintiff's trademark rights, entitling Plaintiff to the recovery of punitive damages.

## COUNT IV

## TRADEMARK DILUTION UNDER NEW YORK GEN. BUS. LAW §360-l

41. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 40 as though full set forth herein.

42. Defendants' use of the mark "SALT CREATIVE" and the associated salt shaker design in connection with marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting services is likely to dilute Plaintiff's distinctive SALT® Trademarks, in violation of Section 360-l of Article 24 of the General Business Law of the State of New York.

43. Defendants' acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and its SALT® Trademarks and to dilute Plaintiff's distinctive SALT® Trademarks.

44. By reason of Defendants' acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

45. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

## COUNT V

### TRADEMARK DILUTION UNDER NEW YORK COMMON LAW

46. Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 45 as though full set forth herein.

47. Defendants' use of the mark "SALT CREATIVE" and the associated salt shaker design in connection with marketing services including social and digital community consulting and management, photography, content creation, social media marketing, and digital consulting services is likely to dilute Plaintiff's distinctive SALT® Trademarks, in violation of Plaintiff's rights under the common law of the State of New York.

48. Defendants' acts were undertaken in bad faith and in a deliberate, willful and fraudulent manner and constitute a knowing use of Plaintiff's Trademarks in an attempt to capitalize on the goodwill and reputation of Plaintiff and its SALT® Trademarks and to dilute Plaintiff's distinctive SALT® Trademarks.

49. By reason of Defendant's acts, Plaintiff has suffered and will continue to suffer damage and injury to its business, reputation and goodwill, and will sustain loss of revenues and profits.

50. Unless enjoined by this Court, Defendants will continue to perform the acts complained of herein and cause said damages and injury, all to the immediate and irreparable harm of Plaintiff, for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff prays for a judgment:

1. Permanently enjoining and restraining Defendants, their officers, agents, employees, representatives, and all others acting in concert or participation with any of them from:

    a. Using the term SALT, or any other visual representation or colorable imitation of the SALT® Trademarks, or any other designation that is confusingly similar to the SALT® Trademarks, including, but not limited to the infringing

uses cited herein, in any manner which is likely to cause confusion, deception or mistake;

b. Committing any acts calculated to cause the public to believe that the infringing products or services are those sold and marketed under the control and supervision of Plaintiff, or sponsored or approved by, or connected with, or guaranteed by, or provided under the control and supervision of Plaintiff;

c. Further diluting and infringing the SALT® Trademarks, and damaging Plaintiff's goodwill;

d. Conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to above; and

e. Doing any other act or thing likely to induce the belief that Defendants' business or services are in any way connected with Plaintiff's business or services, or are sponsored or approved by Plaintiff.

2. Declaring that Defendants have willfully and knowingly infringed Plaintiff's SALT® and SALT BRANDING® trademarks.

3. Declaring that Defendants' use of the mark "SALT CREATIVE," the salt shaker design, the Salt Creative LLC company name, the www.saltcreative.us URL, and the Defendants' various social media sites, have caused and/or is likely to cause confusion among the general public as to the source of origin of Defendants' goods and/or services.

4. Ordering Defendants to:

a. Account for and pay over to Plaintiff all profits derived by Defendants from its acts complained of herein, together with prejudgment interest;

    b. Pay to Plaintiff all the damages Plaintiff has suffered as a result of the acts of Defendants complained herein, including an assessment of trebled actual damages, together with prejudgment interest;

    c. Pay to Plaintiff its attorneys' fees and costs in this action;

    d. File with this Court and serve on Plaintiff's counsel, within 28 days after entry of an injunction issued by this Court, a sworn statement as provided in 15 U.S.C. §1116.

5. Awarding Plaintiff such further relief as this Court deems just and equitable.

## JURY DEMAND

Salt Branding, LLC requests a trial by jury of any issue in this action triable by right before a jury.

Dated:   September 11, 2015        Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By:_____
    Jason A. Zweig (JZ-8107)
555 Fifth Avenue
Suite 1700
New York, NY 10017
Tel: 212-752-5455
Email: jasonz@hbsslaw.com

Angela C. Wilcox, Esq.
Mary A. Cadrot, Esq.
VANEK, VICKERS & MASINI, P.C.
55 W. Monroe, Suite 3500
Chicago, Illinois 60603
Telephone:  312-224-1500
Facsimile:  312-224-1510
E-Mail: awilcox@vaneklaw.com
E-Mail: mcadrot@vaneklaw.com

*Counsel for Plaintiff*